## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

JOSE M.A.P.,

                             Civil No. 26-689 (JRT/DJF)

             Petitioner,

v.

KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*;

UNITED STATES DEPARTMENT OF HOMELAND SECURITY;

PAMELA BONDI, *United States Attorney General*; and

TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*,

             Respondents.

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

Emily Egart, Lydia Lockwood, Mary M. Nikolai, **GUSTAFSON GLUEK PLLC**, 120 South Sixth Street, Suite 2600, Minneapolis, MN 55402, for Petitioner.

Ana H. Voss, David W. Fuller, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 for Respondents.

On January 26, 2026, Petitioner, a citizen of Mexico, filed a Verified Petition for Writ of Habeas Corpus. (Docket No. 1.) He was arrested by U.S. Immigration and Customs Enforcement (ICE) officials on January 25, 2026. Because the Court concludes that it has jurisdiction, and that Petitioner is being detained unlawfully, the Court will grant the petition and order Petitioner's immediate release.

## BACKGROUND

Petitioner is a citizen of Mexico, has been present in the United States since 2007, and has no criminal history, aside from minor traffic violations. (Verified Pet. Writ Habeas Corpus ("Pet.") ¶ 30, 33.) Petitioner alleges that on January 25, 2026, while driving his parents to church in Mounds View, Minnesota, he was pulled over and arrested by ICE officials. (*Id.* ¶ 34.) Petitioner's mother called Petitioner's brother, a naturalized citizen, who spoke with an officer and informed him that "Petitioner has diabetes and sometimes requires medication." (*Id.*) The officer responded with "something like 'there isn't much we can do about that.'" (*Id.*)

Petitioner alleges that he was initially detained in Minnesota following his 4:00 p.m. arrest on January 25, 2026, but that Respondents transferred him to a detention facility in Texas almost immediately, where he arrived at 3:00 p.m. on January 26, 2026. (*Id.* ¶ 11.) During this period, "[d]espite multiple efforts to search for [Petitioner] in the ICE online detainee locator system, counsel was unable to locate him." (*Id.* ¶ 36.) Petitioner alleges that he is being unlawfully detained and seeks a writ of habeas corpus. (*Id.* at 20.)

## DISCUSSION

Respondents first challenge this Court's jurisdiction, arguing that Petitioner did not file his habeas petition in this District while he was physically detained here. In a typical case involving a habeas petition brought under 28 U.S.C. § 2241(a), a petitioner who "seeks to challenge his present physical custody within the United States . . . should name

his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004).  As this Court has noted in other cases, exceptions exist to the default district-of-confinement rule.  *See id.* at 435; *see also Xia v. King*, No. 24-2000, 2025 WL 240792, at *2 (D. Minn. Jan. 17, 2025) (recognizing the existence of certain exceptions).  For example, the Supreme Court has recognized that when "a prisoner is held in an undisclosed location by an unknown custodian, it is impossible to apply" the typical rules for determining the proper forum for a habeas petition.  *Padilla*, 542 U.S. at 450 n.18.

Both parties informed the Court that Petitioner has now been returned to Minnesota.  (*See* Docket No. 5 at 1 n.1, Docket No. 6 at 2.)  Therefore, the Court will reject Respondents' request for dismissal or transfer.  But even if Petitioner was still detained in Texas, exceptions to the default jurisdictional rules would have applied, because when "Government-controlled transfers," like the one in this case are "executed within hours of detention and before communication with counsel is possible" such conduct "risk[s] defeating timely judicial review."  *E.E. v. Bondi*, No. 26-314, Docket No. 7 at 5 (D. Minn. Jan. 17, 2026).  For these reasons, the Court finds that it has jurisdiction.

Turning to the merits, Respondents rely on 8 U.S.C. § 1225(b)(2) to justify Petitioner's detention, and the Court rejects that justification.  After thorough review of the parties' filings, the Court concludes that the legal issues presented by Petitioner's habeas petition are subject to the same analysis the Court recently employed in *Herrera*

*Avila v. Bondi*, No. 25-3741, 2025 WL 2976539 (D. Minn. Oct. 21, 2025) and *Romero Santuario v. Bondi*, No. 25-4296, 2025 WL 3469577 (D. Minn, Dec. 2, 2025).  Section 1225(b)(2) does not authorize the warrantless, notice-less arrest of an individual already present in the United States—indeed, driving his parents to church in the country in which he has lived for nearly twenty years.  For the same reasons articulated in *Herrera Avila* and *Romero Santuario*, the Court concludes that it possesses jurisdiction over this petition, and that Petitioner's detention is not authorized by § 1225(b)(2).

The Court therefore turns to the proper remedy.  In previous cases involving this issue, the Court has concluded that a bond hearing pursuant to § 1226(a) is the appropriate remedy.  However, the Court is now persuaded that where, as here, (1) Respondents erroneously assert that a detainee is being held pursuant to § 1225(b)(2); and (2) Respondents have not produced a warrant, as is required to effectuate an arrest pursuant to § 1226(a), the appropriate remedy is release from custody.  *See, e.g.*, *Ahmed M. v. Bondi*, No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Lauro M. v. Bondi*, No. 26-134, 2026 WL 115022, at *3 (D. Minn. Jan. 15, 2026); *cf. Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. . . . The typical remedy for such detention is, of course, release.").

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Jose M.A.P.'s Verified Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED**, as follows:

   a. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

   b. If Petitioner is presently detained outside of the District of Minnesota, Respondents shall **TRANSPORT** Petitioner to Minnesota and **RELEASE** Petitioner from custody immediately.  Petitioner's release in Minnesota must occur **no later than 48 hours after the filing of this Order**.

   c. If Petitioner remains in detention in Minnesota, Respondents shall release Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order.**

   d. Given the severe weather conditions in Minnesota, Respondents are **ORDERED** to coordinate with Petitioner's counsel to ensure that upon Petitioner's release, they are not left outside in dangerous cold.  It is preferable to release Petitioner to counsel to ensure humane treatment.

   e. Respondents must release Petitioner with all personal effects, such as driver's licenses, passports, or immigration documents, and without conditions such as location tracking devices.

   f. The parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on February 4,**

**2026**.  Further, the parties shall advise the Court whether any additional

proceedings in this matter are required and submit any proposals for the

scope of further litigation.

DATED: February 1, 2026                    _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                         JOHN R. TUNHEIM
                                              United States District Judge